**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TILE OUTLETS OF AMERICA, LLC, | CASE NO. 09-61261-pwb |
| Debtor. | |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Debtor has filed a Motion for Extension of Exclusive Periods During Which Debtor May Propose and File Plan of Reorganization and Solicit Acceptances Thereof (the "Motion"). In the Motion, Debtor seeks to have the Court enter an Order extending the time within which Debtor may exclusively file a plan of reorganization and solicit acceptances thereof from July 17, 2009, and September 13, 2009, respectively, to September 30, 2009, and November 27, 2009, respectively.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motions in *Courtroom 1401, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, on August 4, 2009, at 10:00 A.M.*

*Your rights may be affected by the court's ruling on these pleadings.* You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

*If you do not want the court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You must also file a written response to the pleading with the Clerk, at the address stated below, so that it is received not later than July 31, 2009.* If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Room 1340, 75 Spring Street S.W., Atlanta, Georgia 30303. You must also deliver a copy of your response to the undersigned at the addresses indicated below.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further notice or hearing.

    This 16th day of July, 2009.

                                          COHEN POLLOCK MERLIN & SMALL, P.C.
                                          Counsel to Debtor

                                          By:   /s/ Karen Fagin White
                                                  Karen Fagin White
                                                  Ga. Bar No. 754450
                                                  Bruce Z. Walker
                                                  Ga. Bar No. 731260
                                                  Anna M. Humnicky
                                                  Ga. Bar No. 377850

Suite 1600
3350 Riverwood Parkway
Atlanta, Georgia 30339
(770) 858-1288
(770) 858-1277 (fax)
kfwhite@cpmas.com
bwalker@cpmas.com
ahumnicky@cpmas.com
500748

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TILE OUTLETS OF AMERICA, LLC, | CASE NO. 09-61261-pwb |
| Debtor. | |

### MOTION FOR EXTENSION OF EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY PROPOSE AND FILE PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

**NOW COMES** Tile Outlets of America, LLC ("Debtor" or "Tile Outlets") and moves this Court for an extension of the exclusive periods during which Debtor may propose and file a plan of reorganization and solicit acceptances thereof. In support of this Motion, Debtor shows the Court as follows:

### Relief Requested

Debtor respectfully requests the entry of an order pursuant to section 1121 of the Bankruptcy Code, granting a 75-day extension of the periods of time during which only Debtor may propose and file a plan of reorganization and solicit acceptances thereof, through and including September 30, 2009, and November 27, 2009, respectively. Debtor previously requested an extension from the original deadlines to July 17, 2009, and September 13, 2009, respectively.

### Jurisdiction

This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## Background

1.

Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on January 16, 2009 (the "Petition Date"). Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.

Debtor is a Delaware limited liability company with its principal place of business located at 3845 Holcomb Bridge Road, Suite 100, Norcross, Georgia 30092.

3.

Debtor owns and operates a business that specializes in the retail sale of first quality floor and wall tile and stone products (the "Business"). Debtor currently operates stores in Fort Myers and Tampa, Florida.

## Basis for Relief

4.

The Bankruptcy Code allows a debtor a period of exclusivity during which only the debtor may file a plan of reorganization and solicit acceptances thereof. The exclusive period provides the debtor with an opportunity to develop and solicit acceptances of its plan -- without the disruption that could be caused by the filing of competing plans of reorganization by non-debtor parties. Section 1121(b) provides that a debtor has the exclusive right to file a plan of reorganization within the 120-day period following the order for relief. A debtor has 180 days after the order for relief within which to solicit and obtain acceptances of its plan, during which time competing plans may not be filed by any party in interest. 11 U.S.C. § 1121(c)(3).

5.

Herein, Debtor's initial 120-day and 180-day exclusive periods expired on May 18, 2009, and July 15, 2009, respectively.

6.

On June 3, 2009, the Court granted Debtor's first request for an extension (the "Order"). Pursuant to the Order, the current deadlines for Debtor to propose and file a plan of reorganization and solicit acceptances thereof are July 17, 2009, and September 13, 2009, respectively.

7.

Debtor's primary focus is on operating its retail tile business, continuing to cut expenses, and resolving issues related to Branch Banking & Trust ("BB&T") to enable Debtor to present a confirmable plan of reorganization.

8.

Under Section 1121(d) of the Bankruptcy Code, a bankruptcy court may increase the initial exclusive periods for cause. 11 U.S.C. § 1121(d). Section 1121(d) provides as follows: "On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause…increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d).

9.

The decision to grant an extension of a debtor's exclusive period is within the sound discretion of the court.  The cause standard of section 1121(d) has been interpreted as a general standard that allows the Bankruptcy Court maximum flexibility to suit various types of reorganization proceedings.  In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D. N.Y. 1989).  The essence of chapter 11 proceedings is to give the debtor a chance to work out his problems by agreement with his creditors. Gaines v. Perkins, 71 B.R. 294, 297 (W.D. Tenn.  1987).

10.

Courts have relied on a number of factors to determine whether to extend a debtor's exclusive period.  See In re Hoffinger Industries, Inc., 292 B.R. 639, 643-44 (8th Cir. BAP 2003) (citing nine relevant factors).  Debtor has demonstrated significant efforts and substantial progress towards reorganization.  Furthermore, Debtor believes there is a prospect for a successful resolution, possibly consensual, and no harm to creditors will occur with an extension of the Debtor's exclusive periods.

A.     **The Debtor Has Made Significant Progress.**

11.

The Court record shows Debtor has already made substantial progress in this case and continues to work diligently on matters related to its reorganization.  Since June 3, 2009, the Debtor and its counsel have concentrated on a number of significant issues relating to the estate, including:

- formulating a Chapter 11 Plan, including significant work on continued cost-cutting initiatives and plans to satisfy creditors' claims and significant work on a disclosure statement;

- continued negotiations regarding exit financing and capital infusion;

- preparing and filing motion for continued use of cash collateral, and attending hearing regarding same;

- preparing and filing motions regarding the establishment of deadlines for the filing of proofs of claim for pre-petition claims and claims pursuant to 11 U.S.C. § 503(b)(9), and attending hearing regarding same;

- preparing and filing applications for compensation for Debtor's counsel and accountant, and attending hearing regarding same;

- preparing and filing complete monthly reports;

- addressing Creditors' Committee inquiries; and

- addressing creditor inquiries.

12.

Debtor continues to work on preparing a financial plan that will form the basis of Debtor's Chapter 11 Plan. Debtor has remained focused on developing a long-range strategy to enable the Debtor to emerge successfully from Chapter 11. It is making progress toward the reorganization and the process of determining distributions to Debtor's creditors. However, despite the Debtor's progress toward this goal, the Debtor is not at present in a position to propose a plan.

**B.      Extending the Exclusive Periods Will Not Prejudice Creditors.**

13.

Debtor is pursuing a course of action that it believes will generate the maximum value for the Debtor's Estate.

14.

Because Debtor is continuing to evaluate and pursue its alternatives, the parties in interest in this case will benefit from an extension of the exclusive periods.  Debtor needs additional time to develop a plan that is in the best interest of creditors, which is time-consuming and somewhat complex.

15.

An extension of time will provide Debtor with an opportunity to develop a reasoned plan and to develop and negotiate what Debtor hopes to be a consensual plan of reorganization.  To that end, counsel for the Official Committee of Creditors Holding Unsecured Claims and counsel for BB&T do not oppose the requested extension.

16.

Debtor is developing and will present what it hopes to be a consensual plan of reorganization, but information must be analyzed and issues resolved before Debtor can finalize such a plan.  Competing plans would present a direct impediment to  Debtor's progress.  Extending the exclusive periods will allow Debtor to work toward a resolution of Debtor's financial issues and propose a plan based on a rational and well-developed financial plan.  At this time in the Chapter 11 process, Debtor should not be faced with the distraction and expense of a premature filing of a plan by other parties and a competing plan fight.

**WHEREFORE**, for the reasons set forth above, the Debtor respectfully requests that this Court:

(a)  enter an order granting an extension of the exclusive periods during which the Debtor may file a plan of reorganization and solicit acceptances thereof, from July 17, 2009, and September 13, 2009, respectively, through and including September 30, 2009, and November 27, 2009, respectively;

(b)  finding that this Motion has been served on the Office of the United States Trustee, the IRS, counsel for BB&T, counsel for the Official Committee of Creditors Holding Unsecured Claims, and all parties requesting notice, and that in light of the relief requested, no further notice is necessary; and

(c)  grant the Debtor such other and further relief as is just and proper.

This 16th day of July, 2009.

                                  COHEN POLLOCK MERLIN & SMALL
                                  A Professional Corporation
                                  Attorneys for Debtor Tile Outlets of America, LLC

                                By:___/s/ Karen Fagin White_____
                                      Karen Fagin White
                                      Georgia Bar No. 754450
                                      Bruce Z. Walker
                                      Georgia Bar No. 731260
                                      Anna M. Humnicky
                                      Georgia Bar No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
(770) 858-1277 (fax)
kfwhite@cpmas.com
bwalker@cpmas.com
ahumnicky@cpmas.com
500742

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TILE OUTLETS OF AMERICA, LLC, | CASE NO. 09-61261-pwb |
| Debtor. | |

**CERTIFICATE OF SERVICE**

    I, Anna M. Humnicky, of Cohen Pollock Merlin & Small, P.C., certify that I am over the age of 18 and that on this day, I served a copy of the **MOTION FOR EXTENSION OF EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY PROPOSE AND FILE PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF** and **NOTICE OF HEARING** of same, as noted on Exhibit A, by electronic mail or U.S. Mail, with adequate postage prepaid, on the persons or entities at the electronic mail addresses or U.S. Mail addresses as indicated in Exhibit A.

    Dated: July 16, 2009.

                                      By:    /s/ Anna M. Humnicky
                                                    Anna M. Humnicky
                                                    Georgia Bar No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
ahumnicky@cpmas.com

# EXHIBIT A

| | |
|---|---|
| David S. Weidenbaum, Esq.<br>Office of U.S. Trustee<br>362 Richard Russell Bldg.<br>75 Spring Street, SW<br>Atlanta, GA 30303 | James R. Sacca, Esq.<br>Counsel for BB&T<br>Greenberg Traurig, LLP<br>3290 Northside Parkway N.W.,<br>Suite 400<br>Atlanta, GA 30327 |
| Louis G. McBryan, Esq.<br>Howick Westfall McBryan & Kaplan, LLP<br>3101 Tower Creek Pkwy<br>Suite 600<br>Atlanta, GA 30339 | Internal Revenue Service<br>P.O. Box 21125<br>Philadelphia, PA 19114 |
| Eleganza Tiles, Inc.<br>Attn: Lawrence Votion<br>1420 Manhattan Ave.<br>Fullerton, CA 92831 | National Gypsum Company<br>Attn: David W. Hoffman<br>2001 Rexford Rd.<br>Charlotte, NC  28211 |
| Domino Industrias Ceramicas SA<br>Att: Ms. Isabel Paiva – CFO<br>Zona Industrial de Condeixa<br>APT 27<br>Condeixa a Nova 3150-194<br>Portugal<br>**Electronic Mail:**<br>Isabel.paiva@domino.pt | Marília Dippe<br>MARTINELLI ADVOCACIA<br>EMPRESARIAL<br>Rua Coronel Santiago, 177<br>CEP 89203-560<br>Joinville/SC - Brasil<br>**Electronic Mail:**<br>marilia@martinelli.adv.br |
| National Applied Construction<br>Attn: Linda G. Duve<br>3200 South Main Street<br>Akron, OH 44319 | Paul A. Rogers, Esq.<br>Shapiro Fussell<br>Suite 1200 - One Midtown Plaza<br>1360 Peachtree Street<br>Atlanta, GA 30309 |